**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos GONZALEZ–CASTILLO,
Defendant–Appellant.**

**No. 12–30006.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2013.*

Filed Feb. 7, 2013.

Helen J. Brunner, Esquire, Assistant U.S., Mark Paul Parrent, Assistant U.S., Sarah Y. Vogel, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Linda R. Sullivan, Esquire, Assistant Federal Public Defender, Alan Zarky, FPDWA–Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: FISHER, GOULD and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Gonzalez–Castillo appeals the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

Section 3582(c)(2) allows a modification of a term of imprisonment when two re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quirements are satisfied: (1) the sentence is based on a sentencing range that subsequently has been lowered by the Sentencing Commission; and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Waters*, 648 F.3d 1114, 1116 (9th Cir.2011). Even assuming Gonzalez–Castillo could satisfy the first requirement, he cannot satisfy the second.

The applicable policy statement provides that a reduction in a defendant's term of imprisonment is not authorized if an amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). The term "applicable guideline range" refers to the defendant's guideline range *before* application of any departure or variance. *See United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir.2013). Gonzalez–Castillo's applicable guideline range before any variance was his career offender range under U.S.S.G. § 4B1.1. The Sentencing Commission's amendments to the Guidelines have not lowered his career offender range. Gonzalez–Castillo is therefore ineligible for a reduction of sentence.

Gonzalez–Castillo's ex post facto, Administrative Procedure Act and other statutory challenges to § 1B1.10 are waived because they are raised for the first time in his reply brief. *See United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir.2012).

AFFIRMED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.